**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 97-7738**

───────────────

CURTIS LEON TAYLOR, SR.,

Plaintiff - Appellant,

versus

P. L. HUFFMAN; STATE OF GEORGIA,

Defendants - Appellees.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CA-92-800-R)

───────────────

Submitted: July 30, 1998          Decided: August 24, 1998

───────────────

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Curtis Leon Taylor, Sr., Appellant Pro Se. Mark Ralph Davis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on October 22, 1997; Appellant's notice of appeal was filed on November 25, 1997. Appellant's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2

presented in the materials before the before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3